UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20486-CIV-ALTONAGA/O'Sullivan

**JORGE ALBERTO REYES GARCIA**,

    Plaintiff,
vs.

**LA NUEVA FE BAKERY I, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss . . . ("Motion") [ECF No. 28]. The Motion seeks dismissal of the Complaint . . . ("Complaint") [ECF No. 1] on the basis it seeks to recover wages barred by the three-year statute of limitations. (*See generally* Mot.). However, as the Motion concedes, the Complaint also seeks to recover wages within the three-year statute of limitations period. (*See id.* 1, 3).

The question of whether a claim is barred by the statute of limitations is best raised as an affirmative defense in the answer, rather than in a motion to dismiss. *See Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citation omitted). At "the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (per curiam) (citation and internal quotation marks omitted). Because the Motion explicitly states a portion of Plaintiff's claim survives even without a tolling of the statute, the Court declines to dismiss any claim at this stage. Accordingly, it is

CASE NO.  15-20486-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 28]** is **DENIED**.  Defendants shall file an answer to the Complaint on or before **May 7, 2015**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2015.

                                                     **CECILIA M. ALTONAGA**
                                                     **UNITED STATES DISTRICT JUDGE**

cc:  counsel of record